

**U.S. Department of Justice**

*Laura E. Duffy*
*United States Attorney*
*Southern District of California*

| | |
|---|---|
| *Caroline P. Han* | *(619) 557-5220* |
| *Assistant United States Attorney* | *Fax (619) 557-5551* |

*San Diego County Office*     *Imperial County Office*
*Federal Office Building*     *321 South Waterman Avenue*
*880 Front Street, Room 6293*     *Room 204*
*San Diego, California 92101-8893*     *El Centro, California 92243-2215*

February 17, 2012

Molly Dwyer, Clerk
U.S. Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

    Re:        United States v. Chovan, C.A. No. 11-50107
    Argument:  February 15, 2012 (Pasadena)
    Before:    Pregerson, Hawkins, Bea

Dear Ms. Dwyer:

       The Government submits this letter pursuant to Fed. R. App. P. 28(j) to clarify and correct its position at oral argument.

       Chovan's counsel argued that Chovan's civil rights were restored under California law. Judge Bea responded, "And that had the effect under California law of saying that he had not been convicted of a misdemeanor." Chovan's counsel agreed. [Oral argument at 2:24.] But California Penal Code § 12021(c)(1), under which Chovan's right to possess a firearm was restored by operation of law, contains no such language. See CAL. PENAL CODE 12021(C)(1). As a result, Government counsel believed that Judge Bea was referring to California Penal Code § 1203.4, and discussed that statute at length, although the statute admittedly does not apply to this case.

       Later, when Government counsel was explaining how Caron v. United States, 524 U.S. 308 (1998) and United States v. Valerio, 441 F.3d 837 (9th Cir. 2006) support the position that Chovan's civil rights were not restored, Judge Bea stated:

> No, no, no, this statute says that after ten years, the effect is that you were never convicted of the crime, not that the crime was expunged, but that you were never convicted. It's as if you were never convicted, it's nunc pro tunc by operation of law...

[Oral argument at 14:23.]

Molly Dwyer, Clerk

In retrospect, it is clear that Judge Bea restated the language of 18 U.S.C. § 921(a)(33)(B)(ii). In light of the earlier discussion, however, Government counsel argued that <u>Jennings</u> resolved the issue of § 1203.4's effect on a 18 U.S.C. § 922(g)(9) prosecution. <u>Jennings</u>, 511 F.3d 894. Moreover, when Judge Bea asked if <u>Jennings</u> had precedential value for Chovan's case, the Government counsel answered in the affirmative. [Oral argument at 15:48.] That is clearly wrong.

As set forth in the United States' brief, a distinction exists between the restoration and the retention of civil rights. <u>Logan v. United States</u>, 552 U.S. 23, 36 (2007). Although Chovan argues for its inclusion, "civil rights" in § 921(a)(20), a statute whose language tracks much of § 921(a)(33)(B)(ii)'s language, do not include the right to bear arms. See <u>Logan</u>, 552 U.S. at 28; <u>United States v. Valerio</u>, 441 F.3d 837, 843 (9th Cir. 2006). The Government therefore urges the Court to find that Chovan's civil rights were *retained* and not restored. Chovan was therefore properly subject to § 922(g)(9).

        Sincerely yours,

        LAURA E. DUFFY
        United States Attorney

        s/ Caroline P. Han
        CAROLINE P. HAN
        Assistant U.S. Attorney