**FEDERAL**
**DEFENDERS**
**OF**
**SAN DIEGO,**
**INC.**

The Federal Community
Defender Organization
for the Southern
District of California

February 17, 2012

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:   Supplemental Citation [Fed R. App. P. 28(j)]
      *United States v. Chovan*, No. 11-50107
      Argued: February 15, 2012 (Pasadena)
      Before: Hon. Pregerson, Hon. Hawkins, and Hon. Bea.

Dear Ms. Dwyer:

During oral argument on February 15, 2012, the point was made that, under 18 U.S.C. § 921(a)(33)(B)(ii), someone who has had his or her civil rights restored "shall not be considered to have been convicted of [a domestic violence misdemeanor]." Thus, because Mr. Chovan had his civil rights restored under California law in 2006, he could not be considered to have been convicted of a domestic violence misdemeanor and was not amenable to prosecution under 18 U.S.C. § 922(g)(9). The government responded that this plain language interpretation of the relevant statutes was foreclosed by *Jennings v. Mukasey*, 511 F.3d 894 (9th Cir. 2007) -- a case it raised for the first time during argument.

As the government now concedes, it was wrong.[1] *Jennings* addressed only the impact of expungement under California law -- Cal. Penal Code § 1203.4 -- in a subsequent federal case. *See id.* at 898. *Jennings* did not address whether an individual who had the fundamental civil right he lost (the right to bear arms) restored can be considered to have been convicted of a domestic violence crime under section 921(a)(33)(B)(ii). To the contrary, that issue was not presented. Moreover, in *Jennings*, the Court noted that Mr. Jennings expungement order "does not purport to restore his civil rights." 511 F.3d at 901. Thus, *Jennings* is irrelevant.

What is relevant, however, is that, by operation of California law, Mr. Chovan was restored to the entirety of his civil rights in 1996. The fundamental right taken was given back by the state. As a result, under 18 U.S.C. § 921(a)(33)(B)(ii), he cannot be considered to have been convicted of a domestic violence misdemeanor. Accordingly, he should not have been prosecuted under section 922(g)(9) and his conviction should be vacated. *See United States v. Gomez*, 911 F.2d 219, 222 (9th Cir. 1990) ("Idaho restored Gomez's civil rights without expressly restricting his right to possess firearms. We cannot say that at the time of his arrest he stood "convicted" of a crime punishable by imprisonment for a term exceeding one year within the meaning of section 922(g).").

NBC Building
225 Broadway
Suite 900
San Diego,
California
92101-5030
**(619) 234-8467**
**FAX (619) 687-2666**

---

[1] Mr. Chovan does not object to the government's motion to enlarge the word limit for submission of a Rule 28(j) letter. This letter too exceeds the word limit. Its length is necessary, however, to address to the government's letter and to answer the questions to which the panel directed Mr. Chovan to respond.

FEDERAL DEFENDERS OF SAN DIEGO, INC.

The Federal Community Defender Organization for the Southern District of California

In its latest Rule 28(j) letter, however, the government contends that "civil rights" "do not include the right to bear arms." In support, it cites *Logan v. United States*, 552 U.S. 23, 28 (2007). *Logan*, however, never reached that conclusion. Indeed, the issue was not even raised, as the misdemeanor convictions there did not result in the loss of the defendant's right to bear arms under state law. *See id.* at 31 (Under Wisconsin law, "[p]ersons convicted of misdemeanors, however, even if they are repeat offenders, generally retain their civil rights and *are not subject to firearms disabilities*.") (emphasis added).

But this Court has addressed the issue and clearly determined that the right to bear arms is a civil right within the context of 18 U.S.C. § 921(a). *See United States v. Valerio*, 441 F.3d 837, 839 (9th Cir. 2006) ("no *civil right* could be more relevant to [ ] future dangerousness than the *right to possess firearms*.") (emphasis added). Although *Valerio* also commented that restoration of the right to bear arms was "not enough" to save the defendant from federal prosecution for being a felon in possession of a firearm, it was because "Valerio's right to serve on a jury and his right to hold public office have not been restored." *Id*. at 843. Given the continued loss of those two important civil rights, "he does not get past the second step of the analysis, restoration of civil rights." *Id*. That problem is not present in this case. Mr. Chovan now has all the civil rights under California law that he had before his conviction. Accordingly, he cannot be guilty of violating section 922(g)(9).

Finally, in response to Judge Pregerson's question regarding the San Diego County regulations governing shooting on private property, it appears that Mr. Chovan was not violating any ordinance by engaging in target practice on his property. Mr. Chovan's property was located at 18582 Bee Canyon Road, Dulzura, California, 91917. [SER 2]. According to the San Diego County Sheriff's Department, that property is within the relatively unregulated, rural portion of the County where he, as the property owner and/or resident, is permitted to discharge a firearm. *See* County of San Diego, Shooting Regulations, at 2.[2] Indeed, San Diego County Code of Regulatory Ordinances, Title III, Division III, Chapter 1, sections 33.101(b), 33.101.5(b)(2), 33.103, and 33.105 all make clear that even the limited restrictions on firing a gun in rural areas do not apply to the property owner or resident firing a gun on his or her own property.[3] Accordingly, Mr. Chovan does not appear to have been in violation of any regulatory ordinance when he discharged a firearm on his property.

Respectfully submitted,

*s/ Devin Burstein*
Devin Burstein
Federal Defenders of San Diego, Inc.

cc: Caroline Han, Assistant U.S. Attorney

NBC Building
225 Broadway
Suite 900
San Diego,
California
92101-5030
**(619) 234-8467**
**FAX (619) 687-2666**

---

[2] This information is available at:
http://www.sdsheriff.net/documents/shooting_map.pdf
Mr. Chovan's property is within the white area of the map, east of Jamul, California.

[3] These provisions are available using the same link.